## APPEAL OF J. B. DAVIDSON.

Docket No. 2680. Submitted June 18, 1925. Decided November 6, 1925.

*George H. Schutte, C. P. A.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

This appeal is from the determination of a deficiency in income tax for the year 1921 in the amount of $957.50. The only issue involved is whether the unextinguished useful value of parts of a building demolished in 1921 should be deducted from the taxpayer's income for that year as a loss.

### FINDINGS OF FACT.

The taxpayer is an individual who resides in Newark, N. J., where he is engaged in practice as a dental surgeon. He began the practice of dentistry in 1907, and has continuously maintained his offices at 516 Broad Street. During the World War he served abroad with

the American Expeditionary Forces as a dentist and dental surgeon. While he was absent his business in Newark was carried on under his name by various assistants.

When he began the practice of dentistry, the taxpayer leased the building which he now owns from the North Reformed Church, a corporation, for a period of five years, and renewed and continued the lease at the end of each five-year period, the last term beginning March 1, 1918. Upon his return from foreign service in 1919, he found that an option to purchase the building had been taken by a real estate dealer, and that he would either have to buy the premises or remove his offices to some other location. Believing that the practice of his profession for so long in one locality had established a valuable acquaintance, reputation, and good will that would be lost in the event of his removal, the taxpayer purchased the building in 1920 for a consideration of $57,000.

For various reasons the taxpayer was unable to regain the large and lucrative dental practice that he enjoyed before the war and, some time in 1920, after the purchase of the building, he decided to abandon the field of general dentistry and establish an operating hospital for use in the practice of dental surgery. This building was not suitable for the purposes that he had in mind, as it was an old three-story brick dwelling house, which could not be remodeled for use as a dental hospital without great expense.

At the hearing the taxpayer testified to the work of demolition and reconstruction as follows:

We employed an engineering firm by the name of Enster Brothers, who took down our stairways, every partition in the building, completely removed the front, the back wall, and reconstructed with steel, brick and stone, the front portion, the same with the rear, fixed up the second floor, between the first and the second floors, inserted new stairways and completed it and repartitioned it as per our requirements, and making it within the building requirements of the city.

More particularly describing the parts demolished, the taxpayer testified that the whole building, except the foundation, roof, beams, and two side walls was torn down, and that the cost of the reconstruction was about $35,000. The taxpayer further testified that the architect in charge of the reconstruction estimated that the parts of the building demolished had an unextinguished useful value of $7,418, and that he realized $2,000 from salvage.

Upon audit of the taxpayer's income-tax return for the calendar year 1921, the Commissioner disallowed as a deduction from gross income the amount of $5,418 as a loss of useful value resulting from the voluntary demolition of the building in question.

DECISION.

The determination of the Commissioner is approved.